**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**CARLOS JORDAN**,

**Plaintiff,**

**v.**                                                           **No. 14-0009-DRH**

**PATRICK DONAHOE, Postmaster General,**

**Defendant.**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

On December 4, 2013, Carlos Jordan filed an employment discrimination suit against Patrick R. Donahoe in the District Court for the District of Columbia (Doc. 1).   Jordan's complaint alleges that he suffered discrimination during his employment with the United States Postal Service in Carbondale, Illinois.   That same day, District Judge Colleen Kollar-Kotelly transferred the case to this Court (Doc. 3).   Now before the Court is plaintiff's motion to proceed in district court without prepaying fees or costs (Doc. 2). Because the Court finds that Jordan is indigent, the Court grants the motion.

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees.   Under 28 U.S.C. § 1915(e)(2), the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2).

Jordan's motion survives § 1915(e)(2) review.   He signed a declaration contained in his motion to proceed *in forma pauperis* documenting his poverty. The action appears to be neither frivolous nor malicious.   At this point, the Court cannot conclude that the complaint fails to state a claim or that the named defendant is immune from suit.   Accordingly, the Court **GRANTS** Jordan's motion (Doc. 2).

The Clerk of Court is **DIRECTED** to complete, on plaintiff's behalf, a summons and a form USM-285 for service of process on Defendant, the United States Attorney for the Southern District of Illinois, and the Attorney General of the United States; the Clerk **SHALL** issue the completed summons.   Pursuant to Federal Rule of Civil Procedure 4(i), the United States Marshal **SHALL** (1) send by registered or certified mail a copy of the summons, the complaint, and this Memorandum and Order to Defendant; (2) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the

United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (3) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.   All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

Plaintiff is **ADVISED** pursuant to Rule 4(m) that this action may be dismissed without prejudice if service is not effected within 120 days of the date of this Memorandum and Order.

It is **FURTHER ORDERED** that plaintiff shall serve upon defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court.   Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Finally, plaintiff is **ADVISED** that he is under an obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.   This shall be done in writing and not later than **7 days** after a change in address occurs.   Failure to comply with

this order will cause a delay in the transmission of court documents and may result

in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

Signed this 10th day of January, 2014.

David R. Herndon
2014.01.10
03:39:16 -06'00'

**Chief Judge**
**United States District Court**