IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CARLOS JORDAN**,

**Plaintiff,**

**v.**                                                              **No. 14-0009-DRH**

**PATRICK DONAHOE, Postmaster General,**

**Defendant.**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is defendant's March 27, 2014 first motion for summary judgment (Doc. 17).  Defendant argues that summary judgment is proper as Jordan failed to timely exhaust prerequisite administrative remedies and that Jordon failed to file suit within 90 days of receiving notice from the EEOC of his right to file suit.  Also that same day, defendant filed the required notice to pro se plaintiff of consequences of failing to respond to defendant's motion for summary judgment (Doc. 18).  Pursuant to *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992) and *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982), defendant's notice informed plaintiff that he needs to respond to the summary judgment motion with counter affidavits and documentary evidence, that he may

not rest upon his allegations in his pleadings and that he needs to set forth specific facts showing that there is a genuine issue for trial.  The notice also set forth Federal Rule of Civil Procedure 56 in its entirety and informed plaintiff that he must respond to the motion within thirty days.  As of this date, plaintiff has not responded to the motion[1].  Thus, the Court considers this failure an admission of the merits of the motion and **GRANTS** the motion for summary judgment (Doc. 17).  The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of defendant Patrick Donahoe and against plaintiff Carlos Jordan.

    **IT IS SO ORDERED.**

    Signed this 5th day of May, 2014.

Digitally signed by David R. Herndon
Date: 2014.05.05 10:39:03 -05'00'

**Chief Judge**
**United States District Court**

---

[1] Local Rule 7.1(c) provides in part: "Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."