## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CARLOS JORDAN**,

**Plaintiff,**

**v.**                                                        **No. 14-0009-DRH**

**PATRICK DONAHOE, Postmaster General,**

**Defendant.**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court is Jordan's May 16, 2014 notice to request for reconsideration of judgment (Doc. 24).   Jordan moves the Court to vacate the May 5, 2014 Memorandum and Order granting summary judgment in favor of defendant (Doc. 21) and the May 5, 2014 judgment reflecting the same (Doc. 22). Defendant opposes the motion (Doc. 25).   Based on the following, the Court denies the motion.

There are two ways in which a Court may analyze a motion filed after judgment has been entered either under Rule 59(e) or under  Rule 60(b) of the Federal Rules of Civil Procedure.  Where a substantive motion is filed within twenty-eight days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to Rule 60(b). *Mares v. Busby,* 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,*981   F.2d   299,   301   (7th   Cir.   1992). Although   both

59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings,  Rule 59(e)  generally requires a lower threshold of proof than does Rule 60(b).  *See  Helm v. Resolution Trust Corp.,*  43 F.3d 1163, 1166 (7th Cir. 1995);  *see also  Ball v. City of Chicago,*  2 F.3d 752, 760 (7th Cir. 1993)(distinguishing the "exacting standard" of  Rule 60(b)  from the "more liberal standard" of  Rule 59(e)).  Instead of the exceptional circumstances required to prevail under Rule 60(b), Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). However, where "the only arguable basis for relief presented in the motion ... is 'excusable neglect,'" the court should apply the standards governing a motion under  Rule 60(b).  *Harrington v. City of Chicago,*  433 F.3d 542, 546 (7th Cir. 2006).

After reviewing the record again, the Court finds that Jordon neither presented newly discovered evidence nor identified a manifest error of law or fact. Further, the Court does not find excusable neglect.   He does not present an argument that compels this Court to re-open this action.   He maintains that he did not receive a questionnaire. He is correct.   A questionnaire was not sent to him. However, the record reflects that a notice, pursuant to *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992), was sent to him (Doc. 18). [1]   Defendant's response

---

1 The *Timms* Notice provided by the government informed Jordan that he needed to respond to the summary judgment motion with counter affidavits and documentary evidence and that he may not

bolsters this fact as defendant submitted a declaration stating that that the *Timms* notice was sent to Jordon along with documents 15, 16 & 17 which Jordan admits he received (Doc. 25-1).   Clearly, he has not established excusable neglect. Moreover, in his motion for reconsideration, Jordon does not advance any arguments, facts or case law to refute the arguments raised in the motion for summary judgment.

Accordingly, the Court **DENIES** the motion to request reconsideration of judgment (Doc. 24) and **DENIES as moot** the motion for recruitment of counsel (Doc. 23).

**IT IS SO ORDERED.**

Signed this 10th day of July, 2014.

Digitally signed by
David R. Herndon
Date: 2014.07.10
14:32:54 -05'00'

**Chief Judge**
**United States District Court**

rest upon the allegations contained in his complaint.